MONCLOVA, PETITIONER AND APPELLANT, *v.* BOARD OF PHARMACY, RESPONDENT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 2, in Mandamus Proceedings.

No. 1473.—Decided June 1, 1916.

PHARMACY—EXAMINATION—HIGH-SCHOOL DIPLOMA—ENROLMENT.—Section 7 of the Act of March 8, 1906, providing for the creation of a board of pharmacy, as amended by Act No. 42 of March 10, 1910, prescribes that all applicants for examination in pharmacy shall present, in order to be enrolled, diplomas or documents showing that they have successfully passed examinations embracing all the scientific and literary subjects of the course at some high school of the Island or at some reputed similar or analogous institution of the United States or elsewhere, satisfactory to the board.

ID.—ID.—ULTRA VIRES ACT—HIGH-SCHOOL DIPLOMA—RATING.—The Board of Pharmacy exceeds its authority in admitting to examination an applicant who has not presented the diploma or document referred to in section 7 of the Act, and acts correctly in refusing to rate the examinations taken by a petitioner who has not complied with the said requisite, even though he has paid the matriculation fee.

ID.—ID.—INTENT OF LEGISLATORS—CONDITIONAL ENROLMENT.—It was the intention of the legislators to require candidates for licenses as pharmacists to have certain knowledge before beginning the studies provided for in section 6 of the Act and that such knowledge should be acquired prior to, and not simultaneously with, that referred to in the said section; therefore conditional enrolment cannot be permitted.

The facts are stated in the opinion.

*Mr. R. Díaz Cintrón* for the appellant.

*Messrs. Howard L. Kern,* Attorney General, and *Earle T. Fiddler* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 15, 1916, Pedro A. Monclova filed a petition (amended on February 15, following) in the District Court

of San Juan, Section 1, for a writ of mandamus directed to the Board of Pharmacy and ordering that the examination taken by the petitioner on the subjects of the first course of pharmacy be reviewed and rated by the board, passing him or not according to the result.

In support of his pretension the petitioner alleged that on June 22, 1911, he obtained a diploma in the eighth grade of the public schools of Juana Díaz; that later he took and passed the first two years of the scientific course in the high school of Ponce; that in 1914 he was matriculated in the third course of the high school of the University of Porto Rico, which course he passed; that in the same year he was enrolled by the Board of Pharmacy as an aspirant for a license as pharmacist; that in January, 1915, after paying the corresponding examination fee of $10, he was admitted to examination on the subjects of the first course of the said profession and on one of the second, and that the board had not criticised and rated his examination although requested to do so.

An alternative or conditional writ of mandamus having been issued, the respondent answered and at the same time demurred on the ground that the facts alleged did not constitute a cause of action because they failed to show that the petitioner held a diploma or document demonstrating that he had successfully passed an examination embracing all the scientific and literary subjects of the course at some high school of the Island or at some reputed similar or analogous institution of the United States or elsewhere satisfactory to the board.

After the hearing, by its decision of February 18, 1916, the court sustained the demurrer, vacated the writ of mandamus and dismissed the petition. From that decision Monclova took the present appeal to this court.

As the lower court very properly said, the question raised by the respondent is so plain and clear that its decision presents no difficulty and requires very little discussion.

Section 7 of the Act of March 8, 1906, providing for the creation of a Board of Pharmacy, as amended by Act No. 42 of March 10, 1910, reads as follows:

"On the first half of October, the board of pharmacy shall enroll all students who shall present for this purpose:

"(1) An application for examination.

"(2) Document to identify the application.

"(3) Certificate of character.

"(4) Diploma or document showing that he has successfully passed an examination embracing all the scientific and literary subjects of the course at some high school of the Island or at some reputed similar or analogous institution of the United States or elsewhere if satisfactory to the board."

As will be seen, the law exacts as a prerequisite that all applicants for diplomas as pharmacists, in order to be enrolled for examination, shall present diplomas or documents showing that they have passed an examination embracing all the scientific and literary subjects of the course at some high school of the Island or at some reputed similar or analogous institution of the United States or elsewhere satisfactory to the board.

Appellant Monclova did not present such diploma or document to the Board of Pharmacy for the purpose of being enrolled and the action of the said board in admitting him to examination was *ultra vires* because the enrollment was null and void.

The provisions of section 7 are mandatory and do not allow the board to deviate therefrom. If, as maintained by the appellant in his brief, the enrollment was made conditionally—that is, on the condition that he might conclude his course in the high school later—such enrollment cannot be effective for the purposes of examination, for the law does not authorize conditional enrollment. The legislative intent was to require that candidates for diplomas as pharmacists should possess certain knowledge before beginning the studies prescribed in section 6 of the act, and such knowledge

should be acquired prior to and not simultaneously with the said studies.

The fact that Monclova was enrolled for examination after the payment of $10 and actually took the examination, does not favor his pretension because they were acts performed in manifest violation of the law. The Board of Pharmacy acted correctly in refusing to review and grade the examination papers of Monclova and cannot be compelled to do so because it is under no such obligation.

The appellant alleges that in several cases of the admission of applicants to the practice of law, this court has authorized conditional examinations, reserving the issuance of the licenses until the presentation of the documents required by law as a prerequisite to admission to examination.

We do not find a single case in our decisions relative to the examination of candidates for admission to practice law in which any applicant has been allowed to take the examinations and afterwards terminate his preliminary education.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.